## S95A1263. FREEMAN v. THE STATE.
### (462 SE2d 139)

HINES, Justice.

A jury found Corey Bernard Freeman guilty of malice murder, felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of murder in connection with the shooting death of John Wesley Weems. Freeman was sentenced to life imprisonment for the malice murder and five consecutive years of incarceration for possession of the firearm.[1] The evi-

---

[1] The crimes occurred on June 5, 1993. Freeman and his brother Harold Thurman Freeman and Antonio McCrary were indicted on November 17, 1993, for malice murder, felony murder while in the commission of an aggravated assault, felony murder while in the com-

dence at trial, considered in the light most favorable to the verdict, showed that Freeman and Weems got into a fistfight. Believing that the police had been called, Freeman left the scene. He threatened Weems that he would be back to kill him. Late that night, Freeman, his brother, and the brother's friend, McCrary, rode back to the vicinity of the fight to find Weems. Weems was there drinking with a friend. McCrary drove up, Freeman's brother exited the car, and the brother called out Weems' street name. As Weems walked down the driveway towards the brother, a partially-masked Freeman jumped from behind the bushes and fatally shot Weems in the face.

The police obtained information identifying Freeman and his brother as the probable assailants and linking the involved vehicle to McCrary. The three men each made statements affirming that they went to find Weems, that McCrary drove the vehicle, that Freeman's brother called out to the victim, and that Freeman shot him. During the joint trial, the court permitted the investigating detective to testify about the fact and substance of the statements and gave limiting instructions to the jury that it was to consider each statement only in regard to its maker. Neither Freeman nor the co-defendants testified at trial or presented any evidence.

1. Freeman contends that admission of evidence of his confession and the inculpatory statements of his co-defendants constituted a violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). *Bruton* does not provide a basis to bar Freeman's own statement as competent evidence of his guilt. The trial court conducted a *Jackson-Denno* hearing and made a determination of threshold voluntariness which is not challenged. Accepting that evidence of Freeman's confession was properly admitted against him, the *Bruton* challenge to the inculpatory statements of the two co-defendants fails. The co-defendants' statements were consistent with Freeman's version of events as related by the detective. A co-defendant's

---

mission of possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Harold Thurman Freeman and Antonio McCrary were additionally charged with possession of a firearm by a convicted felon. The three were tried jointly on February 14-18, 1994. The trial court directed verdicts of acquittal as to all defendants on the charge of felony murder while in the commission of possession of a firearm by a convicted felon. Freeman was found guilty on his remaining three charges.

On February 23, 1994, Freeman was sentenced to life imprisonment for the malice murder and five consecutive years of incarceration for possession of a firearm during commission of the murder. The felony murder conviction stood vacated by operation of OCGA § 16-1-7. The co-defendants were found guilty of possession of a firearm by a convicted felon and possession of a firearm during the commission of a crime and acquitted on the other counts. Both were sentenced to two consecutive five-year terms of incarceration. Freeman did not file a motion for new trial. The notice of appeal from Freeman's convictions to the Court of Appeals of Georgia was filed on March 15, 1994, and the appeal was docketed in the Court of Appeals on April 20, 1995. It was transferred to this Court on April 24, 1995, and docketed on May 1, 1995. The case was submitted for decision without oral argument on June 26, 1995.

interlocking confession or incriminating statement can be admitted against a defendant who has also confessed when the court gives appropriate limiting instructions, as was done here. *Parker v. Randolph*, 442 U. S. 62 (99 SC 2132, 60 LE2d 713) (1979). See *Tatum v. State*, 249 Ga. 422, 423 (1) (291 SE2d 701) (1982); *Casper v. State*, 244 Ga. 689, 691 (1) (261 SE2d 629) (1979).

Freeman suggests that he did not have the opportunity to use the tape recordings of the statements to impeach the detective's testimony. But the record discloses otherwise. Initially, the tapes were not admitted because of poor sound quality. The court indicated other sound equipment could be obtained and defendants would be free to introduce the tapes for impeachment if they so desired. Freeman chose not to do so. Moreover, in addressing the defendants' *Bruton* concerns, the trial court offered to sever the trials. Freeman expressly refused the offer of severance.

2. Freeman's claim of insufficiency of the evidence based upon the alleged *Bruton* violation fails. The evidence was sufficient to enable a rational trier of fact to find Freeman guilty beyond a reasonable doubt of the murder of Weems and of possession of a firearm during commission of the murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 1995.

*William H. Turner*, for appellant.

*Robert E. Keller, District Attorney, Tom Woodward, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General*, for appellee.