## A97A1914. HALL v. THE STATE.
(496 SE2d 475)

Judge Harold R. Banke.

Jarvis K. Hall was tried as an adult and convicted of armed robbery along with his co-defendant Richard C. Dye. On appeal, Hall enumerates five errors.

The evidence, when viewed in a light most favorable to the verdict, shows that Hall and Dye robbed a convenience store at gunpoint. Dye pointed a .25 caliber handgun at the store clerk and ordered her to lie down. Hall jumped over the counter to empty the cash register. When he could not open the register, Hall fired several shots at it then fled into the night with the still unopened register, which was later found abandoned. The clerk reported that both robbers were black males and that one was wearing a white tee shirt and the other a black tee shirt. She recognized Dye, the robber in the white tee shirt, as the son of a former store employee.

Based on the clerk's description of her assailants and her observation that one robber was a certain ex-employee's son, police picked up Dye and Hall about an hour after the robbery. At that time, Hall was wearing a black tee shirt and Dye a white one. Chief investigator Mac McCracken telephoned their parents and secured their consent to fingerprint and photograph them. When both denied involvement in the robbery, they were released to their mothers. Later, the clerk recognized Dye from a photo array but was unable to identify Hall. After his arrest, Dye denied his involvement and provided a false story. Then, at the behest of his mother who urged him to tell the truth, Dye made a full confession implicating himself and Hall. Based on Dye's confession, police arrested Hall. After Investigator McCracken advised Hall of his *Miranda* rights in the presence of his mother, Hall confessed. Police were not able to lift fingerprints from the register or to obtain positive gunpowder residue results.

The trial court denied Hall's motion to sever and Hall and Dye were tried jointly as adults. The trial court determined that both confessions were freely and voluntarily made. Both statements were redacted so that neither confession necessarily implicated the other defendant. Neither Dye nor Hall testified or presented any evidence at trial. During its charge, the court gave a limiting instruction that the statements were to be considered only as evidence against the particular defendant who made the statement. *Held*:

1. We reject Hall's contention that the admission of Dye's confession violated the Confrontation Clause and constituted a violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and *Cruz v. New York*, 481 U. S. 186 (107 SC 1714, 95 LE2d 162) (1987) (Confrontation Clause bars admission of non-testifying co-defendant's extrajudicial statement which expressly implicates

defendant). A co-defendant's interlocking confession or incriminating statement can be admitted against a defendant who has also confessed when the court gives appropriate limiting instructions, as was done here. *Freeman v. State*, 265 Ga. 709, 710-711 (1) (462 SE2d 139) (1995). Moreover, no *Bruton* violation occurs unless the non-testifying co-defendant's statement, standing alone, clearly implicates a defendant. *Owen v. State*, 266 Ga. 312, 314 (4) (467 SE2d 325) (1996). Here, Dye's confession, standing alone, did not clearly incriminate Hall. *Clark v. State*, 226 Ga. App. 176, 179-180 (4) (486 SE2d 393) (1997). See *Kesler v. State*, 215 Ga. App. 553, 555 (1) (451 SE2d 496) (1994) (no *Bruton* violation when testimony presented in co-defendant's confession is supported by complaining defendant's own statement).

2. The trial court did not err in denying Hall's motion for severance notwithstanding Hall's assertion that the joint trial confused the evidence and resulted in antagonistic defenses. "In considering whether a trial court abused its discretion in denying a severance, a defendant 'must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.' [Cit.]" *Owen*, 266 Ga. at 314 (2). Hall failed to meet this burden. Hall made no showing by the record of any antagonistic defense or confusion. The evidence against Hall and Dye was not complicated and was nearly symmetrical with the exception of the eyewitness identification of Dye. Nor did Hall establish that his co-defendant would have been more likely to testify if he had been tried separately; or that his co-defendant's testimony would tend to exculpate him. See *Cain v. State*, 235 Ga. 128, 129-130 (218 SE2d 856) (1975). Because Hall failed to show how he was prejudiced by a joint trial, there was no denial of due process. *Owen*, 266 Ga. at 314 (2).

3. The trial court did not err in denying Hall's motion to suppress a juvenile confession. Unless clearly erroneous, a trial court's findings relating to admissibility of an incriminating statement will be upheld on appeal. *Berry v. State*, 267 Ga. 605, 610 (7) (481 SE2d 203) (1997). Whether or not a juvenile's statement is admissible depends upon whether under the totality of the circumstances, a knowing and intelligent waiver was made. *Berry*, 267 Ga. at 610 (8).

During the *Jackson-Denno* hearing, McCracken testified that Hall agreed to make a statement after both he and his mother signed a waiver of rights form. According to McCracken, no promises were made and Hall was not threatened in any way. The questioning was of short duration and Hall's mother was present at all times. Hall was fifteen, had completed the ninth grade and could read and write. At no time during the questioning did Hall or his mother request that the interview cease. See *Riley v. State*, 237 Ga. 124, 128 (226

SE2d 922) (1976). After McCracken reduced Hall's confession to writing, Hall initialed it and also signed his name to the bottom of the statement. Although McCracken did acknowledge that he offered to provide some assistance to Hall with securing bond and obtaining employment, he stated that he did so only after Hall had already confessed and signed the statement.

Hall denied making the statement, a claim supported by his sister. He contended that he only said "whatever" and did not provide any details of the crime to McCracken. Inasmuch as the trial court is the sole judge of witness credibility, we cannot say that the court clearly erred in admitting Hall's statement. *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996); *Watkins v. State*, 264 Ga. 657, 660 (2) (449 SE2d 834) (1994).

4. The record belies Hall's contention that he was deprived of a fair trial in that the trial court improperly restricted his counsel's summation. After defense counsel pointed out that police had tested both of Hall's hands for gunpowder residue and received a report back from the GBI crime lab, counsel then argued, "Now, if you are alleging this young man, Jarvis Hall, fired a gun at any time during this, then you have got to doubt as to why he does not have gunpowder residue or no positive results on his hands. And that's why I asked some of you on the jury about your experience with firearms." At this point, the State objected to the exploration of the specifics relating to gunpowder residue testing because no witness had testified about the methodology or particulars of this testing. The trial court determined that argument along this line was improper. Notwithstanding Hall's claim to the contrary, the record shows that defense counsel was able to point to the State's lack of positive evidence of gunpowder residue on Hall's hands. Precluding defense counsel from going into matters beyond the facts in evidence was not error. *Morgan v. State*, 267 Ga. 203, 207 (4) (476 SE2d 747) (1996) (argument must be derived from evidence properly before jury).

5. Hall contends that the trial court inflicted an unduly harsh sentence and "heaped additional punishment" on him because he refused to admit his guilt or to exhibit any remorse. Notwithstanding Hall's claim to the contrary, the trial court did not fail to conduct a pre-sentence hearing as mandated by OCGA § 17-10-2 (a). After the verdict, the court recessed for an hour. Hall neither objected to the timing of the hearing nor requested additional time to prepare for it. During the pre-sentence hearing, the court afforded Hall an opportunity to offer evidence in mitigation. The trial court asked Hall if there was anything he wanted to say. When pronouncing sentence, the trial court observed that Hall had opted to say nothing on his own behalf. From a fair reading of the transcript, we conclude that the court's comment was not addressed to Hall's exercise of a constitutional

right but rather to the lack of evidence of any remorse. *Wakily v. State*, 225 Ga. App. 56, 60 (8) (483 SE2d 313) (1997). The absence of any showing of remorse is a legitimate consideration at sentencing. *Cottingham v. State*, 213 Ga. App. 637 (1) (445 SE2d 384) (1994).

Finally, we do not agree that Hall's sentence of 20 years' imprisonment which falls within the statutory limit shocks the conscience. See *Gordon v. State*, 257 Ga. 439, 440 (2) (360 SE2d 253) (1987). Any question as to the excessiveness of a sentence which is within the legal limits should be addressed to the sentence review panel, as provided in OCGA § 17-10-6. *Hill v. State*, 212 Ga. App. 386, 390 (7) (441 SE2d 863) (1994).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 16, 1998 —
RECONSIDERATION DENIED JANUARY 29, 1998

*Michael O. Horgan, James C. Bonner*, for appellant.
*Dennis C. Sanders, District Attorney, William L. Hale, Assistant District Attorney*, for appellee.