## A98A1657. NICHOLS v. THE STATE.
### (507 SE2d 793)

Judge Harold R. Banke.

On appeal, Jesse Ivan Nichols contests his conviction for trafficking methamphetamine.

After the jury returned a verdict of guilty, Nichols immediately requested that the jury be polled. The trial court complied but the clerk called upon only eleven of twelve jurors, thus, omitting one juror. Nichols' counsel posed no objection to this apparent oversight. Three weeks later, at the sentencing hearing, Nichols orally moved for a mistrial or a reduction to a conviction for possession. To support the motion, Nichols submitted the affidavit of the juror who had not been polled by the court. This juror attested that she wished to change her verdict to guilty of possession. Nichols also offered the affidavits of two other members of the jury in which they stated that they desired to change their verdict to guilty of possession. All three affidavits declared the verdict a "gross miscarriage of justice."[1] Nichols appeals the denial of this motion. *Held*:

In his sole enumeration of error, Nichols contends that the trial court erred by not sua sponte declaring a mistrial or by refusing to set aside the guilty verdict due to the polling error. Nichols seeks to buttress this argument with the affidavits.

The record, without question, indicates that defense counsel was present during the polling of the jury. Because no objection was asserted at the time of the polling, there was no error as a matter of law. *Thomas v. State*, 268 Ga. 135, 141 (18) (485 SE2d 783) (1997). Accord *Tucker v. State*, 252 Ga. 263 (349 SE2d 172) (1984); *Awtrey v. State*, 175 Ga. App. 148, 152 (6) (332 SE2d 896) (1985).

Nor do the post-verdict affidavits authorize a different result. As a general rule, "affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 17-9-41. Exceptions to this rule are narrowly permitted. See *Gardiner v. State*, 264 Ga. 329, 332 (2) (444 SE2d 300) (1994) (post-verdict affidavits may be considered where extrajudicial and prejudicial information was improperly brought to the jury's attention or where non-jurors interfered with the jury's deliberations).

---

[1] The court's instructions afforded the jury the option to convict Nichols of the offense of possession.

Here, the affidavits offered were not admissible to impeach the verdict because they did not fall within any exception to the rule barring post-trial testimony of this nature. *Moore v. State*, 224 Ga. App. 797, 801 (6) (481 SE2d 892) (1997). See *Spencer v. State*, 260 Ga. 640, 643 (3) (398 SE2d 179) (1990).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 28, 1998.

*Mark T. Sallee*, for appellant.

*Darrell E. Wilson, District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.