## A00A1437. ANDERSON v. THE STATE.
### (539 SE2d 879)

RUFFIN, Judge.

Reginald R. Anderson was convicted of armed robbery and motor vehicle hijacking. Following an order authorizing an out-of-time appeal, Anderson filed this appeal in which he challenges the sufficiency of the evidence for both convictions. He also claims that the imposition of mandatory minimum sentencing is unjust and distorts the trial court's discretion to conduct "humane sentencing." After review of these issues, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict and Anderson no longer enjoys the presumption of innocence.[1] The evidence, when viewed in that way, established that the victim, T. E., was robbed at gunpoint by Anderson and another assailant. Wearing bandannas that only partially obscured their faces, Anderson and his companion grabbed the victim at night as she was attempting to leave a Fina station. Placing a gun against her neck, Anderson warned her to "shut up, b——." Anderson then handed the pistol to the other man and told him to hold her there while he unlocked her car. Despite being "scared to death," T. E. adamantly refused to go with the men to the back of the building as they sought. They fled after stealing T. E.'s car, wallet, and pager. When describing her attackers to police, T. E. provided specific details about Anderson's age, nose, ears, skin tone, height, weight, and clothing. She remembered the weapon as being an older handgun with a long barrel.

The next day, while responding to an unrelated call at a residence, Detective Keith D. Johnson of the DeKalb County Police Department noticed a Pontiac Sunbird parked inside the garage. Results of a routine tag check executed later revealed that this Sunbird belonged to T. E. and had been reported stolen in an armed robbery. During a search of an outside garbage can, officers discovered a wallet reportedly stolen in a different robbery. Investigators returned to the house later that day and arrested Anderson and three others who were inside. In the bedroom that Anderson was sharing with another person, police found T. E.'s pager "stuck in between a mattress and box spring." Police also recovered a long-barreled handgun

---

[1] *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998).

from inside the house.

From a photographic array assembled shortly after Anderson's arrest, T. E. unequivocally selected Anderson's photograph. In court, she voiced certainty that Anderson had held a gun to her, explaining that she had been able to study him because she "was looking at him the whole time." When asked, "is this defendant the person who held a gun to your neck, who took your car keys, who took your money, who took your vehicle on September the 8th 1996?", the victim responded, "Yes. Definitely. I won't forget his face." T. E. also recognized the long-barreled gun confiscated from the house where Anderson was staying as the one pressed against her neck and side during the robbery.

1. Anderson contends that the verdict is contrary to the evidence, against its weight, and contrary to law and the principles of justice and equity. He argues that no rational juror could have found beyond a reasonable doubt that he committed these offenses. We disagree.

When the general grounds are asserted, as here, only the sufficiency of the evidence can be considered.[2] The applicable and essential elements of the offense of motor vehicle hijacking are: (1) possessing a firearm (2) while obtaining a motor vehicle from a person (3) by use of force and violence or intimidation.[3] The pertinent essential elements comprising the crime of armed robbery are: (1) intentionally taking (2) personal property belonging to another person (3) from that person (4) by use of an offensive weapon.[4]

Here, T. E. identified Anderson as one of two men who held her at gunpoint and forced her to relinquish possession of her vehicle. She testified that while being robbed, she feared for her life. Her missing vehicle was recovered from inside the garage of a house where Anderson was staying. At gunpoint, she was forced to surrender possession of her wallet in addition to her car keys. Her pager was discovered hidden in the room where Anderson was staying. A pistol resembling the one Anderson had brandished during the armed robbery was also found inside the house. This evidence was sufficient within the meaning of *Jackson v. Virginia*[5] for the jury to find all the essential elements of the offenses of armed robbery and motor vehicle hijacking.

2. Anderson asserts that requiring the trial court to impose the mandatory minimum sentence is unjust, inhumane, and distorts a

[2] *Yawn v. State*, 237 Ga. App. 206 (515 SE2d 182) (1999).
[3] OCGA § 16-5-44.1 (b); see *Bradford v. State*, 223 Ga. App. 424, 425 (1) (477 SE2d 859) (1996).
[4] OCGA § 16-8-41 (a).
[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Campbell v. State*, 223 Ga. App. 484, 485 (2) (477 SE2d 905) (1996) (offenses of armed robbery and hijacking a motor vehicle do not merge).

trial court's inherent discretion to conduct "humane sentencing" as contemplated by OCGA § 17-10-2.

In pronouncing sentence, the trial court noted the persuasiveness of the evidence of guilt and Anderson's refusal to accept responsibility for his misconduct. The court observed, "[i]t's time for you to face the truth, Mr. Anderson. It's time for you to take responsibility." Notwithstanding the claim to the contrary, the trial court did, in fact, exercise its discretion and opted to sentence Anderson to ten years on each count rather than the twenty years sought by the State.[6] It is the role of the legislature, not this Court, to determine what constitutes a range of appropriate sentences for a particular crime.[7] When a sentence falls within statutory limits, any question about the alleged excessiveness of that sentence must be addressed to the sentence review panel as provided in OCGA § 17-10-6.[8] Because the sentence imposed by the court falls squarely within the statutory guidelines, Anderson's sole recourse is to seek relief from the sentence review panel.[9]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 28, 2000.

*Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-8-41 (b) provides: "[a] person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years." OCGA § 16-5-44.1 (c) provides that a "person convicted of the offense of hijacking a motor vehicle shall be punished by imprisonment for not less than ten nor more than 20 years."

[7] We note that Anderson does not argue that mandatory minimum sentences are unconstitutional or otherwise illegal.

[8] *Harden v. State*, 239 Ga. App. 700, 702 (3) (521 SE2d 829) (1999); accord *Taylor v. State*, 232 Ga. App. 825, 827 (7) (502 SE2d 540) (1998).

[9] *Hall v. State*, 230 Ga. App. 378, 381 (5) (496 SE2d 475) (1998).