## A04A2181. AYOLUWA v. THE STATE.
(609 SE2d 749)

SMITH, Presiding Judge.

Jabulani Ayoluwa was found guilty by a Fulton County jury of three counts of armed robbery, hijacking a motor vehicle, two counts of kidnapping, two counts of aggravated assault, and two counts of possession of a firearm during the commission of a felony, all arising from a series of crimes committed during a two-day period in 1998.[1] His motion for new trial was denied, and he appeals, asserting the general grounds and the trial court's reopening of the evidence. Finding no error, we affirm.

1. In asserting the general grounds, Ayoluwa argues that "[t]he handling of potential witnesses raises serious concerns." The only argument offered in support of this position is one victim's testimony that she "wasn't too certain" in her identification of Ayoluwa, another victim's testimony that he viewed a photographic lineup from which other victims had already chosen Ayoluwa and initialed the lineup form, and a police officer's admission that he "made some mistakes" in filling out the lineup forms. From this, Ayoluwa argues that the entire lineup process was "highly suggestive" and that the evidence therefore was not sufficient to convict.

With respect to the photographic lineups, Ayoluwa does not argue that they should have been excluded from evidence, only that they constituted insufficient evidence to support his conviction. While one victim testified at trial that she was only 50 percent certain in her identification of Ayoluwa as one of the two men who robbed her with a shotgun, other evidence supported his conviction on this count. This victim obtained the license number of the robbers' car, which had been stolen from another robbery victim at the point of a shotgun. When the police stopped this car later the same night, two men "bailed out" of the car and fled. One man, carrying a shotgun, evaded

---

[1] Ayoluwa was acquitted by the jury of removing a motor vehicle license plate to conceal his identity. The trial court granted a directed verdict of acquittal as to two counts of armed robbery, one count of kidnapping, and two counts of possession of a firearm during the commission of a crime. One count of obstruction of a correctional officer was dead docketed.

the police, but Ayoluwa was arrested. The victim's identification taken from her purse by the robbers was found inside the car, along with identification belonging to another robbery victim.

The second victim was "absolutely certain" in identifying Ayoluwa both in the photographic lineup and at trial. He testified that the photographs were placed on the table before him, that the detective told him nothing, and that he did not read the information on the back of the lineup until after he had identified Ayoluwa.

The victims were vigorously cross-examined by Ayoluwa's counsel, and the weight and credibility to be given witness identifications and the other evidence was for the jury. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Citations, punctuation and footnote omitted.) *Phagan v. State*, 243 Ga. App. 568, 570 (533 SE2d 757) (2000). The evidence was sufficient to enable a rational trier of fact to convict Ayoluwa under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ayoluwa also complains that the trial court erred in permitting the State to reopen the evidence after a directed verdict was granted with respect to several counts of the indictment. The directed verdicts were granted with respect to counts pertaining to victims who did not testify, and the State requested that the evidence be reopened in order to explain the unsuccessful efforts the State made to locate the victims, who had moved out of state.

"It is within the trial court's discretionary power to reopen a case and permit the introduction of further evidence even though the testimony is not in rebuttal of evidence offered by defendant. [Cits.]" *Thompson v. State*, 175 Ga. App. 645, 646 (1) (b) (334 SE2d 312) (1985). Allowing the State to reopen the evidence for the purpose of clarification of its case-in-chief rather than rebuttal is not an abuse of discretion, "even though this was done after the State had closed its case and defense counsel had moved for a directed verdict of acquittal. [Cit.]" *Davis v. State*, 127 Ga. App. 76, 81 (3) (192 SE2d 538) (1972). While Ayoluwa asserts that had the effect of "depriving defendant of his right of closing argument," the transcript reflects that he was informed of his right to open and conclude the closing arguments and chose to waive opening and conclude the argument, allowing the State to proceed first. Briefly reopening the evidence prior to the State's closing argument did not give the State, as Ayoluwa contends, "one more shot at the jury, thus undercutting the impact of the defense's proper final argument." Even if this contention had any validity with respect to final argument, it is factually incorrect because Ayoluwa

chose to cross-examine the State's additional witness and thus himself had "one more shot at the jury" and the last word both in examination of witnesses and final argument. Ayoluwa has shown no abuse of discretion, and this enumeration of error is without merit.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 26, 2005.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.