## A06A1484. HUFF v. THE STATE.
### (636 SE2d 738)

RUFFIN, Chief Judge.

A jury found Jerome Huff guilty of armed robbery and hijacking a motor vehicle. In his sole enumeration of error on appeal, Huff contends the trial court erred in failing to direct a verdict of acquittal. As this enumeration of error lacks merit, we affirm.

In reviewing the denial of a directed verdict of acquittal, we employ the same test used to determine sufficiency of the evidence.[1] "Under that standard, this Court reviews the evidence in a light most favorable to the verdict and defers to the jury's assessment of the weight and credibility of the evidence."[2] " 'As long as there is some

---

[1] See *Joyner v. State*, 280 Ga. 37, 38 (1) (622 SE2d 319) (2005) (citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)).

[2] Id. at 38-39.

competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' "[3]

So viewed, the evidence establishes that on April 1, 2004, Roxann Averett was sitting in her black, 2003 Chrysler 300M automobile when she was approached by a young male wearing a dark, fleece, hooded jacket and jeans. The man pointed a gun at her and ordered her to "get out [of] the car." Averett exited her car, leaving her cell phone, purse, and laptop computer in the car. She also left her key ring, which held the key to her husband's BMW, in the car's ignition. According to Averett, she was too afraid to make eye contact with her assailant, but she was able to racially describe him, and she thought he was approximately 5′ 8″ tall.

Police were summoned, and a lookout was issued for Averett's car. Several days later, the car was located and returned to Averett. Many of Averett's belongings had been removed from the car, including her keys, laptop computer, and purse. However, Averett discovered in the stereo a compact disc of rap music, which did not belong to her, that had the name "Jay" written on it.[4]

Shortly after Averett's car was stolen, several phone calls were made from her cell phone. One of the phone numbers called belonged to Marneecia McCord. According to McCord, she missed the call, but when she re-dialed the unfamiliar number, Huff answered the phone. Another phone call was placed from Averett's cell phone to Montez Brown, one of Huff's friends. According to Brown, Huff called him the night the car was stolen and told him "they had a new car."

After the police spoke with McCord and Brown, Huff became the prime suspect, and the police obtained a warrant to search his residence. A search of Huff's closet revealed the keys to both Averett's Chrysler and her husband's BMW. Two gray, hooded sweatshirts were also found. Police discovered a compact disc that was labeled with the name "Jay" like the disc found in Averett's car. Huff's fingerprints and palm prints were compared to prints found both on Averett's car and the compact disc in her car, and the prints matched. Huff was subsequently charged with armed robbery and hijacking a motor vehicle, and the jury found him guilty of these offenses.

On appeal, Huff argues that the trial court should have directed a verdict of acquittal, as "[m]any reasonable doubts peppered the case against Huff." Specifically, Huff claims that the evidence, which was merely circumstantial, shows the crime could have been committed by someone else.

---

[3] *Ayoluwa v. State*, 271 Ga. App. 424, 425 (1) (609 SE2d 749) (2005).

[4] When Huff took the stand, he admitted that he used the nickname, "Jay."

To obtain a conviction on circumstantial evidence, the State must establish not only that the evidence is consistent with guilt, but that the facts exclude every other reasonable hypothesis.[5] In order to support the verdict, the

> circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances [are] sufficient in this case to exclude every reasonable hypothesis except that of the defendant's guilt [is] a question for the jury.[6]

Here, the evidence shows that shortly after Averett's car was stolen, Huff began using her cell phone to call his friends and that he told one friend he had a "new car." When police searched Huff's house, they found not only the key to Averett's car, but also her husband's car key, which she had with her when she was robbed. Finally, prints found in the car matched Huff's. Under these circumstances, the jury was authorized to find Huff guilty.[7] Although Huff testified and offered various explanations for the evidence against him, the jury apparently found his testimony unworthy of belief. And "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it."[8] Accordingly, this claim of error presents no basis for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 15, 2006.

*Mary Erickson*, for appellant.
*Patrick H. Head, District Attorney, Jason R. Samuels, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[5] See *Dailey v. State*, 271 Ga. App. 492, 494 (1) (610 SE2d 126) (2005); OCGA § 24-4-6.

[6] (Punctuation omitted.) Id.

[7] See id.

[8] (Punctuation omitted.) *Bakyayita v. State*, 278 Ga. App. 624, 628 (3) (629 SE2d 539) (2006).