## A07A2267. CULVER v. THE STATE.
### (659 SE2d 390)

MILLER, Judge.

Following a jury trial, Wade Lee Culver was convicted of armed robbery, aggravated assault, and hijacking a motor vehicle. He now appeals from the trial court's denial of his motion for a new trial, arguing that the evidence was insufficient to sustain his conviction. We disagree and affirm.

In determining the sufficiency of the evidence to sustain a criminal conviction, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of innocence. *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence showed that on May 9, 2006, at approximately 7:40 p.m., Tamara Sawyer was sitting in her car in the parking lot of a CVS pharmacy in Macon when she was approached by a man who pulled out a gun and demanded that she give him the vehicle. Ms. Sawyer complied, and the man drove away in her 1989 tan Honda Accord, with Bibb County tags. She then reported the incident to the police and provided them with a description of the perpetrator.

At approximately 9:00 p.m. that same evening, Investigator Ellis Veal of the Jeffersonville Police Department saw Culver at a convenience store in Jeffersonville. When Veal approached Culver in an attempt to serve an outstanding probation warrant, Culver got into a tan Honda Accord with Bibb County tags and drove away. Veal briefly pursued Culver, until allowing Lieutenant Nathan Hendricks of the Twiggs County Sheriff's Department to pick up the chase. Hendricks came within three feet of the Accord, was able to identify Culver as the driver, and discontinued the chase when he felt it was endangering other motorists. Later that night, Sawyer's car was found abandoned by the side of the road and was identified by Veal and Hendricks as the one being driven by Culver.

Police arrested Culver on May 10, 2006 in Macon and found Sawyer's cell phone on his person. That same day, police showed Sawyer a photographic lineup, from which she identified Culver as the man who had robbed her, and she confirmed that identification at trial.

Culver was subsequently charged with and convicted of armed robbery, aggravated assault, and hijacking a motor vehicle, with the aggravated assault conviction merging with that of armed robbery. Following his conviction, Culver filed a motion for a new trial, which the trial court denied. This appeal followed.

Culver's sole enumeration of error is that the evidence was insufficient to sustain his conviction. We disagree.

To sustain Culver's conviction for armed robbery, the State was required to prove that he took the "property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). To sustain his conviction for hijacking a motor vehicle, the State was required to prove that Culver "while in possession of a firearm or weapon obtain[ed] a motor vehicle from the person or presence of another by force and violence or intimidation. . . ." OCGA § 16-5-44.1 (b). Here, the State met its burden as to each of these offenses by offering: (i) the testimony of Sawyer as to the facts of the car jacking, including the fact that she was robbed of her cell phone, and as to the identification of Culver as the perpetrator; (ii) the testimony of both Investigator Veal and Lieutenant Hendricks that they saw Culver driving Sawyer's car on the night it was stolen, and that Culver fled from law enforcement while driving that car; and (iii) evidence showing that Culver had Sawyer's cell phone on his person at the time of his arrest. See *Huff v. State*, 281 Ga. App. 573, 574 (636 SE2d 738) (2006); *Anderson v. State*, 246 Ga. App. 189, 190 (1) (539 SE2d 879) (2000).

Culver attempts to refute this evidence by arguing that no gun or other weapon used in the crimes has ever been located, and therefore the State failed to prove that he was armed during the incident. This argument, however, fails to acknowledge Sawyer's unequivocal testimony that Culver brandished a gun at her when he demanded her car and seized her cell phone. This testimony, standing alone, was sufficient to establish that Culver used a weapon in committing the charged offenses. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

Culver further argues that Sawyer's identification of him as the perpetrator was unreliable, because by the time she identified him in the photographic lineup she had discussed what he looked like with a friend, who had reported seeing someone driving Sawyer's car after it was hijacked. At trial, however, Sawyer testified that the description given by her friend of the man she saw driving Sawyer's car was

"about the same" as the description of the perpetrator Sawyer had already given to the police.

Culver also asserts that Sawyer's identification was tainted by the fact that, prior to identifying him to police, she had the opportunity to view a photograph of Culver broadcast by a local television station. Sawyer, however, testified that she had never seen a picture of Culver before the police presented her with the photographic lineup. The jury was authorized to credit this testimony, even though the evidence showed that Culver's picture was shown on television approximately two and a half hours before Sawyer saw the photographic lineup. See, e.g., *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003) (Where the State and defendant present conflicting evidence at trial, those conflicts are for the jury to resolve.).

Moreover, Culver's arguments as to the reliability of Sawyer's identification of him as the man who robbed her and hijacked her car completely ignore the evidence showing that two police officers each independently identified Culver as the man who fled from them while driving Sawyer's car on the night it was stolen. This evidence was sufficient to support the jury's finding that Culver was the man who committed the crimes in question, even in the absence of Sawyer's identification of him as such. See *Huff*, supra, 281 Ga. App. at 574.

In light of the foregoing, we find that the evidence was sufficient to allow the jury to find Culver guilty of armed robbery and hijacking of a motor vehicle and we affirm his convictions for the same.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 22, 2008 —
RECONSIDERATION DENIED MARCH 18, 2008.

Wade L. Culver, *pro se.*
*Howard Z. Simms, District Attorney*, for appellee.