A89A1604. PERKINS v. THE STATE.
(390 SE2d 273)

POPE, Judge.

Defendant Kenneth Wayne Perkins appeals from his conviction on two counts of armed robbery and one count of possession of a firearm during the commission of a crime. Defendant does not deny that he, along with two other perpetrators, participated in the robbery but

denies he was armed.

1. We reject defendant's argument that he is entitled to a new trial because insufficient evidence was presented to convict him of possession of a firearm during the commission of the crime. Both victims testified that one of the other perpetrators claimed to have a gun and threatened to use it if they did not surrender their money and jewelry. One of the victims testified he saw the end of the gun sticking out of the robber's pants pocket. Defendant may properly be convicted of possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b)) on the ground that he was a party or aider or abettor to the offense (OCGA § 16-2-20). *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986). We also reject defendant's argument that his conviction was improper because the indictment charging him with possession of a handgun "on his person" fatally varied from the evidence that one of the other perpetrators possessed a handgun. "A person need not be indicted under [OCGA § 16-2-20] before the state may prove his culpability for a crime as a party to that crime. [Cit.] While it may be better practice to charge conspiracy or parties to a crime in the indictment, the absence of such does not render the indictment fatally defective." *Wright v. State*, 165 Ga. App. 790 (1) (302 SE2d 706) (1983).

2. The trial court granted the State's request to charge that presence and conduct are circumstantial evidence of criminal intent. However, the trial transcript of this charge reads as follows: "I charge you that presence, companionship, and conduct before and after the offense *or* circumstances from which one's participation in a criminal *attempt* may be inferred." (Emphasis supplied.) Defendant argues the charge is syntactically improper and confusing and is erroneous and irrelevant in its reference to criminal attempt because criminal attempt is not at issue in this case. However, the charge reported in the transcript is virtually identical to the charge properly requested by the State if the word "are" is substituted for "or" and if "intent" is substituted for "attempt." The improper words are homonyms for the words which should properly have been charged. We conclude that "or" and "attempt" are merely errors in the transcript of the charge and that no error was made in the charge actually given to the jury. Defendant's counsel expressly stated at the conclusion of the charges that he "did not note any omissions or misreadings in the charge." Consequently, any objection to the charge was waived.

3. Defendant argues the trial court committed reversible error in giving a charge on the distinction between actual and constructive possession. We agree that the charge given is appropriate to cases involving possession of a controlled substance whereas the definition of possession in regard to the offense of possession of a firearm during the commission of a crime, as set forth by OCGA § 16-11-106 (b), is to

"have on or within arm's reach of [one's] person." However, we note that the trial court correctly charged the jury on the issue of guilt by being a party to or aiding or abetting in a crime. Moreover, we conclude that any confusion which might have been caused by the charge on constructive possession was corrected by the trial court's recharge, in response to questions submitted by the jury, on the issue of possession of a firearm by one of the other perpetrators of the crime.

4. We reject defendant's argument that the recharge was erroneous and confusing. In the recharge the judge stated, essentially, that while the mere verbal threat of using a gun would not be sufficient to find defendant guilty, a threat plus evidence that a gun existed would be sufficient to find the defendant guilty of possession of a firearm in the commission of a crime. Defendant argues that the recharge was erroneous because it did not instruct the jury that the evidence that a gun actually existed must be beyond a reasonable doubt. The court properly charged the jury on the reasonable doubt standard in its initial charge. When the jury requests further instruction on a specific question the trial court need not recharge the jury in full but may, in its discretion, recharge the jury only upon the points requested by the jury. *Dyson v. State*, 155 Ga. App. 297 (2) (270 SE2d 711) (1980). Moreover, defendant waived any objection to the recharge when his counsel expressly stated that the recharge was satisfactory.

5. The trial court commenced its charge on possession of a firearm and the commission of a crime by quoting from the title heading to OCGA § 16-11-106, which refers not only to possession of a firearm but also to possession of a knife, and not only to the commission of a crime but also to the attempt to commit a crime. Defendant argues the trial court erred by charging the jury on possession of a knife and on attempt to commit a crime when the evidence did not justify such a charge. "It is not usually cause for new trial that an entire Code section is given. [Cits.] This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980). Accord *Rains v. State*, 161 Ga. App. 361 (7) (288 SE2d 626) (1982). Moreover, although the trial judge read from the title of the code section referring to elements of the offense not in evidence in this case, the remainder of the charge related only to possession of a firearm during the commission of a crime. Consequently, the charge was not in error. See *Lumpkin v. State*, 249 Ga. 834 (2) (295 SE2d 86) (1982).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1990.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Robert M. Coker, Shawn E. LaGrua, R. Stephen Roberts, Assistant District Attorneys*, for appellee.