## A94A0796. COTTINGHAM v. THE STATE.
### (445 SE2d 384)

Sᴍɪᴛʜ, Judge.

This is the second appearance of this case. See *Cottingham v. State*, 206 Ga. App. 197 (424 SE2d 794) (1992) ("*Cottingham I*"). In its first appearance, we held that "a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." *Cottingham I*, supra at 199 (3). Finding that such a policy tainted Cottingham's original sentencing in one respect, we remanded the case for a new determination of whether the 60-year sentence imposed in this case is to run consecutive to or concurrent with a sentence Cottingham was already serving in Alabama. On remand, the court again ruled that the sentence imposed was to run consecutive to the Alabama sentence. Cottingham appeals from the resentencing, contending that the trial court erred in taking into consideration Cottingham's failure to testify at the resentencing hearing.

1. The resentencing hearing produced the following exchange:

"The Court: Does the defendant have anything he wants to say, . . . or not? Defense counsel: No, sir. The Court: All right. . . . The Court: Of course, since the ruling of the appellate court in this case, I now don't have a policy that I follow, except to listen to each case and try to decide the issue on each case. As I recall it, Mr. Cottingham did not testify during the trial in chief. Defense counsel: No sir. The Court: This court has not had the benefit of any statements made by Mr. Cottingham. It's the sentence of this court that Mr. Cottingham's sentences imposed by this court are to run consecutive to his sentence in Alabama."

Cottingham contends the trial court inappropriately considered Cottingham's exercise of a fundamental right. We disagree. The court did not comment on Cottingham's failure to testify per se; rather, when fairly read, the comment was addressed to the absence of any expression of remorse by Cottingham at any time, whether sworn or unsworn. The absence of any verbal expression of remorse is a legitimate consideration at sentencing from which lack of remorse can be inferred. *High v. Zant*, 250 Ga. 693, 701 (14) (300 SE2d 654) (1983). We note that just prior to the exchange complained of the State argued that Cottingham had a lengthy criminal history and had demonstrated "a lack of inclination to live by society's rules." Nevertheless, the court expressed an interest in hearing anything Cottingham might have to say on his behalf, and refrained from making its final ruling until it became clear that no statement of remorse by Cottingham was forthcoming. We find no error.

2. We do not address Cottingham's remaining enumeration, which essentially asks this court again to reconsider holdings adverse

to him in *Cottingham I.*

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Herbert E. Franklin, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*