A96A2018. WAKILY v. THE STATE.
(483 SE2d 313)

SMITH, Judge.
Rageeb Wakily, aka Derrick Edmondson, was found guilty by a jury of armed robbery; the jury acquitted him of a charge of kidnapping. His motion for new trial was denied, and he appeals.

The charges against Wakily arose out of an incident that began when the victim, accompanied by his girl friend, was nearing his home and noticed a small blue car parked nearby. Two men then approached them, and one of the men pulled a gun and ordered the woman to the ground; he told the victim to empty his pockets. According to the victim, the other man, Wakily, stood beside the gunman but said nothing. After picking up the money, the gunman told the victim to leave and pointed the gun at the victim as he fled. He

ordered the woman to come with him. The victim was able to find a police officer and rode back to the scene.

When the police arrived, they observed Wakily and the gunman placing the woman in the back seat of the small blue car. When the officers turned on their blue lights Wakily ran to the driver's seat and drove away. A chase ensued, during which Wakily wrecked the car. He and the other man jumped out and fled on foot in opposite directions. The woman remained in the car and was found there by the police. Wakily was apprehended in a wooded area shortly thereafter; the other man was never found. Wakily denied being the driver of the car.

1. In three enumerations, Wakily contends the evidence was insufficient to support his conviction. We do not agree.

Wakily argues that he was merely present at the scene of a crime and the evidence shows that he did not point a gun at the victim or rob him. It is true that mere presence at the scene of a crime will not support a conviction. The accused's conduct before and after the offense, however, may present circumstances from which the jury may infer criminal intent. Further, one is a party to a crime if one intentionally aids or abets in its commission. *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993).

Here, as in *Grace*, the evidence demonstrates that Wakily was more than a mere bystander at the scene of the crime. The jury was authorized to infer from Wakily's actions that he was, in fact, a participant in the crime. He could have left, but he remained unprotesting at the scene while the victim was robbed. He then drove the car in which the robber fled after assisting the other man in placing the woman in the car. Finally, his flight is evidence of guilt. We find this evidence sufficient to authorize the jury to find Wakily guilty of armed robbery under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wakily chose to represent himself at trial, informing the trial court that he had done so before and had been successful. Wakily maintains that it should have been clear to the trial court that he was not able to represent himself because he refused street clothing at trial, he rejected a plea bargain offering to run a five-year sentence concurrently with his prior revoked probation of two years, and he did not object to having received notice of recidivist charges on the day before trial. He argues that despite these questionable acts on his part, the trial court improperly failed to warn him of the dangers of self-representation.

We find no merit in this contention. The record reveals that the trial court repeatedly warned Wakily of the dangers of self-representation and urged him to allow the court to appoint an attorney to represent him.

He was warned of these dangers several times at his arraignment when he first voiced his desire to represent himself. The trial court informed him of his right to appointed counsel; a public defender was actually present at the arraignment and his representation was rejected. The trial judge indicated to Wakily that she believed he was using poor judgment in this regard, emphatically repeating that he needed a lawyer and could get "creamed" if he chose to proceed without one.

The court appointed standby counsel to assist Wakily with his self-representation and warned him again at the beginning of his trial. Near the conclusion of the State's case, when Wakily requested that standby counsel be allowed to take a more active role, his request was granted. At that point, the trial judge again repeated her concerns about Wakily's self-representation. The record demonstrates conclusively that the trial court fulfilled its responsibility in this regard. See *Hobson v. State*, 266 Ga. 638, 639 (2) (469 SE2d 188) (1996).

3. Wakily asserts that appointed standby counsel (later co-counsel) rendered ineffective assistance. A strong presumption exists that counsel's performance fell within the wide range of reasonable professional assistance, and the trial court's determination that an accused has not been denied effective assistance of counsel must be affirmed unless it appears clearly erroneous. *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

Some of the complaints Wakily raises about counsel's performance actually occurred during that portion of the trial in which Wakily was representing himself. He is therefore barred from raising those complaints on appeal. *Mullins v. Lavoie*, 249 Ga. 411 (290 SE2d 472) (1982). Other allegations are belied by the record. For instance, Wakily complains that the lawyer did not request a continuance in order to obtain a copy of the probation revocation hearing transcript needed to impeach the victim with his prior inconsistent testimony. The record shows that counsel in fact did make a request for the transcript; the request was denied by the trial court because the transcript had not yet been prepared. Wakily complains that the lawyer deferred to him regarding strategy, but the record reflects that those were his counsel's instructions from the trial court. Although Wakily now states he wanted to testify in his own defense, when the trial court inquired whether he wished to do so, Wakily replied that he did not.

Wakily has failed to overcome the strong presumption that counsel's representation was effective, and the trial court's determination is not clearly erroneous. It is therefore affirmed.

4. Wakily also contends the trial court erred in refusing to allow him to obtain a copy of the prior transcript and in failing to advise

him of proper impeachment technique. This enumeration relates to Wakily's desire to impeach the victim with prior inconsistent testimony given at Wakily's probation revocation hearing. At the revocation hearing, the victim testified he believed his girl friend knew the gunman because he had seen her speak with him on two prior occasions. At trial, however, the victim testified unequivocally that his girl friend did not know the gunman and that he had never seen her speak to him before. Wakily, still acting pro se with only standby counsel, sought to impeach the victim with this previous testimony. The State objected because Wakily did not provide a transcript of the prior sworn testimony, and the trial court sustained the objection.

This enumeration has no merit. Any errors in Wakily's impeachment techniques were risks he assumed when he insisted upon self-representation against the trial court's advice and counsel. See *May v. State*, 217 Ga. App. 427, 428 (457 SE2d 694) (1995). And impeachment must concern *relevant* issues. OCGA § 24-9-83. A witness may not be impeached by contradictory statements previously made by him as to immaterial matters. *Thompson v. State*, 187 Ga. App. 152, 153 (369 SE2d 523) (1988). The testimony on which Wakily sought to impeach the victim was not relevant or material. Whether the victim's girl friend knew Wakily's companion has no bearing on whether Wakily was involved in the crimes charged. Any error was therefore harmless.

5. Wakily next alleges error in the trial court's admission of certain statements made by him while in police custody, on the ground that they were not furnished to him ten days before trial, as was required by former OCGA § 17-7-210, which governed discovery at the time. The record does not disclose that Wakily made a demand or request for such statements. Nevertheless, the record does show that such statements were provided by the prosecution.

6. Wakily asserts the trial court erred in refusing to allow his co-counsel and him to split the closing argument. We do not agree.

USCR 13.3 provides that "[n]ot more than two attorneys shall be permitted to argue any case for any party except by leave of court; in no event shall more than one attorney for each party be heard in concluding argument." This rule, which applies in both civil and criminal cases, tracks in substantial part the language of OCGA § 9-10-182, which applies to civil cases. It has been held that it is permissible, however, to allow the opening and concluding portions of closing argument to be given by two different counsel for one party; the term "concluding" has been held to refer to the concluding portion of final argument, rather than to closing arguments as opposed to opening statements. *Goforth v. Wigley*, 178 Ga. App. 558, 560-561 (3) (343 SE2d 788) (1986). The trial court could have allowed Wakily to split his final argument with counsel, but the rule does not *mandate* split-

ting final argument. The extent and order of closing argument is within the sound discretion of the trial court. *Little v. State*, 157 Ga. App. 462, 463 (3) (278 SE2d 17) (1981). Moreover, Wakily readily agreed to have counsel make his final argument. The trial court did not abuse its discretion in refusing Wakily's request. Id.

7. Contrary to Wakily's contention, the indictment need not charge the defendant with being a party to a crime in order for the State to prove his culpability in that manner. *Perkins v. State*, 194 Ga. App. 189, 190 (1) (390 SE2d 273) (1990). The trial court properly instructed the jury on OCGA § 16-2-20.

8. The trial court properly sentenced Wakily. In sentencing him, the court did mention that Wakily did not testify, and we do not condone such comment. Nevertheless, we conclude from a fair reading of the court's remarks that here, as in *Cottingham v. State*, 213 Ga. App. 637 (1) (445 SE2d 384) (1994), they were not addressed to Wakily's exercise of his fundamental right, but to the lack of any evidence of remorse.

Wakily also argues that in sentencing him, the trial court erroneously applied the law in effect at the time of sentencing, rather than the law in effect at the time the offense was committed. See *Searcy v. State*, 162 Ga. App. 695, 697-698 (2) (291 SE2d 557) (1982). But in this case, the sentence imposed, ten years, is well below the maximum allowed, and it is a legal sentence under either the former or the current sentencing statute. It is therefore not subject to review by this Court. *Moon v. State*, 194 Ga. App. 777, 781 (392 SE2d 19) (1990).

9. We find no evidence of prosecutorial misconduct. The prosecutor stated in his opening that Wakily had drawn a pistol. This was untrue. But the prosecutor corrected this misstatement before concluding his opening statement.

Wakily also maintains that the prosecutor suborned perjury when he objected during Wakily's cross-examination of the victim to Wakily's questions aimed at impeaching the victim. Wakily attempted to show that the victim had given conflicting testimony on a particular point at the probation revocation hearing. First, Wakily's characterization of the victim's conflicting statements as perjury is extreme. Recollection, and testimony, about past events may vary at times for reasons other than perjury. In this case, we have held that the substance of the conflicting testimony is not material. See Division 4, supra.

Second, we do not conclude that the prosecutor's conduct in this instance was improper. Wakily was attempting to impeach the victim using his prior conflicting testimony. But his attempt was legally incorrect; he was using an improper method. The prosecutor merely objected to Wakily's method of impeachment, and the objection was

sustained. Nothing in the record suggests that the prosecutor was attempting to hide the conflict in the victim's testimony or that Wakily's conviction was based upon the State's knowing use of perjured testimony. *Boyd v. State*, 195 Ga. App. 758, 760 (2) (395 SE2d 7) (1990); *Arnold v. State*, 163 Ga. App. 10, 11 (1) (b) (293 SE2d 501) (1982).

10. Wakily contends the trial court improperly failed to advise him of his appeal rights. We do not agree.

In order for alleged error to be grounds for reversal, an appellant must show harm as well as error. *Goodwin v. State*, 208 Ga. App. 707, 709 (2) (431 SE2d 473) (1993). Wakily can show no harm, even if error existed. Immediately after sentencing, appointed trial counsel informed the court that Wakily desired to appeal. The court immediately appointed appellate counsel.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997.

*Elaine T. McGruder*, for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Charles E. Rooks, Elizabeth W. Morn, Assistant District Attorneys*, for appellee.