## A01A2325. BENEFIELD v. THE STATE.
(557 SE2d 476)

MILLER, Judge.

Danny Benefield was convicted of burglary. On appeal he contends that the trial court erred by (1) allowing an allegedly biased juror to remain impaneled, (2) failing to instruct the jury on criminal trespass, and (3) finding he did not show that his trial counsel was ineffective. We discern no error and therefore affirm.

At trial the victim testified for the State. During a lunch break following the victim's initial testimony, juror no. 11 informed the court that he had attended school with the victim. The juror had not seen the victim in several years and did not realize that he knew the victim until after he saw the victim testify at trial. Although the juror initially stated his acquaintance with the victim might affect how he would feel if he ran into the victim after deciding the case, he also stated that he could decide the case based on the evidence and that his initial concerns would in no way affect his decision in the case. Benefield's counsel also questioned the juror to ensure his impartiality and did not object to the juror remaining impaneled.

Although Benefield's counsel did not provide any written requests to charge to the court, at the end of the charge conference Benefield's counsel made an oral request for a charge on criminal trespass. The court did not charge the jury on criminal trespass, and following the charge Benefield's counsel announced he had no objection to the jury charge. The jury returned a verdict against Benefield for burglary.

New counsel for Benefield filed an amended motion for new trial, in which he argued that the court should have given the charge on criminal trespass and should not have allowed juror no. 11 to remain impaneled. He also argued that Benefield's trial counsel was ineffective because he failed to object to the biased juror remaining impaneled and because he failed to submit a written request for a charge on criminal trespass.

Benefield's trial counsel testified at the motion for new trial hearing that he did not object to juror no. 11 because, after the juror was questioned, he was satisfied that the juror could remain impartial. He also testified that he had met with his client on at least 16 occasions for 16 hours prior to trial, and that he and Benefield had discussed their trial strategy. He also testified that he and Benefield discussed the decision not to pursue criminal trespass as a defense and to instead pursue an "all or nothing" strategy at trial where they would not request a jury charge on criminal trespass. After the close of evidence at trial, however, Benefield and his attorney decided to abandon the "all or nothing" strategy and to try to convince the court to charge the jury on criminal trespass.

The court denied the motion for new trial.

1. Benefield contends that the trial court erred by allowing juror no. 11 to remain impaneled. However, Benefield's counsel did not object at trial to the juror remaining impaneled and therefore has not preserved this issue for review on appeal.[1]

2. Benefield further argues that the trial court erred by failing to charge the jury on the lesser included offense of criminal trespass. Since Benefield announced he had no objection to the jury charge after a request for objections from the trial judge, he has not preserved this issue for appellate review.[2]

Even if the issue were properly before us, "[t]he failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request."[3] Since Benefield did not make a written request for the charge on criminal trespass, the trial court did not err by failing to give such a charge.

3. Benefield urges that trial counsel was ineffective because (a) he failed to file a written request for a jury charge on criminal trespass, and (b) he failed to object to the trial court allowing juror no. 11 to remain impaneled. We disagree.

To prove ineffective assistance, Benefield was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense.[4] Decisions regarding matters of trial tactics and strategy, wise or unwise, generally do not amount to ineffective assistance.[5] The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous.[6] Evidence supported the trial court's finding that Benefield did not meet his burden of showing deficient performance.

(a) Benefield's counsel testified that he chose not to file a written request for a jury charge on criminal trespass as a matter of trial strategy. He discussed with Benefield this decision to pursue an "all or nothing" defense instead of a defense that would present criminal trespass as an option for the jury. Counsel's decision not to request a jury charge on a lesser included offense and to pursue an "all or noth-

---

[1] See *Blankenship v. State*, 258 Ga. 43-44 (2) (365 SE2d 265) (1988) ("Failure to object to the court's ruling on whether or not a juror is qualified shall be a waiver of any such objection.") (citations and punctuation omitted).

[2] *Bacon v. State*, 249 Ga. App. 347, 349 (2) (548 SE2d 78) (2001).

[3] (Citations and punctuation omitted.) *Henderson v. State*, 218 Ga. App. 311, 312 (2) (460 SE2d 876) (1995).

[4] *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] *Bogan v. State*, 249 Ga. App. 242, 244 (2) (547 SE2d 326) (2001).

[6] *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

ing" defense is a matter of trial strategy and does not amount to ineffective assistance.[7]

(b) The evidence shows that Benefield's counsel made a strategic decision to allow juror no. 11 to remain impaneled, and Benefield has failed to show otherwise. Strategic decisions regarding which jurors to accept or strike are virtually unchallengeable.[8] Here, Benefield's counsel and the court questioned the juror, and the juror maintained that he could decide the case based on the evidence. Based on their questioning of the juror, both the court and Benefield's counsel were satisfied that the juror could remain impartial.[9] Evidence supports the trial court's finding that Benefield has not shown ineffective assistance here.[10]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

*Vic Wiegand*, for appellant.
*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.

---

[7] *Bogan*, supra, 249 Ga. App. at 245 (2) (c).
[8] See *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999); *Reid v. State*, 235 Ga. 378, 379 (1) (219 SE2d 740) (1975).
[9] See *Riley v. State*, 268 Ga. 640, 643-644 (6) (491 SE2d 802) (1997).
[10] See *Smith v. State*, 224 Ga. App. 819, 820-821 (2) (481 SE2d 896) (1997).
[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).