A02A0744. DREW v. THE STATE.
(568 SE2d 506)

SMITH, Presiding Judge.

Willie Drew was indicted on charges of terroristic threats and acts, simple battery, criminal trespass, and obstruction of a police officer. The prosecution nolle prossed the charge of criminal trespass. Drew was tried before a jury, which found him guilty of the remaining counts, and his motion for new trial was denied.[1] New counsel was appointed for Drew, and counsel filed a motion for out-of-time appeal, which was granted. In his appeal, Drew raises the general grounds and challenges the trial court's denial of his motion for a directed verdict of acquittal and the trial court's ruling that he was not denied effective assistance of counsel. We find no error and affirm.

Construed to support the jury's verdict, the evidence presented at trial showed that Drew had been living with the victim, his girlfriend, until shortly before the incident in question. On January 8, 1998, Drew went to the victim's home. When the victim would not let him in, he knocked out a loose back window and crawled through. He

---

[1] In addition to the motion for new trial filed by trial counsel, Drew filed a pro se motion for new trial and an amendment to his pro se motion.

and the victim argued, and Drew dragged the victim outside and down a hill and punched her in the face. The victim then returned to her kitchen with Drew because she "didn't want to get beat up." She testified that she did not remember if she called the police or a neighbor did, but she did remember that she asked her seven-year-old daughter to call the police and Drew stopped her. The police were called, however, and when an officer responded, Drew answered the door and told the officer there was "no problem." But the victim stepped up behind Drew and informed the officer that there was, indeed, a problem. The officer observed the victim holding a bloody tissue to her nose. The victim told the officer what had happened. While the officer was speaking with the victim, Drew started to walk up the street. He ignored the officer's instructions to come back, entered his car, and drove away.

The officer attempted to follow, but when he lost Drew he returned to the victim's home to continue his investigation and report. He was explaining warrant and court procedures to the victim when the telephone rang. The officer testified that the victim indicated that the caller was Drew, motioned him over, and held the telephone between them so the officer could hear. The officer "clearly heard" Drew "curtly" state: "If you get a warrant on me, b—ch, I will kill you." The victim then gave the officer the phone, and he spoke with Drew. The victim denied hearing the threat. After this evidence was presented, the State rested. The defense moved for a directed verdict of acquittal on the terroristic threats count, which was denied. The defense then rested without presenting evidence.

1. Arguing two enumerations together, Drew contends that the directed verdict of acquittal on the terroristic threats charge should have been granted because the evidence was insufficient to support his conviction on that charge. We do not agree.

OCGA § 16-11-37 (a) provides:

> A person commits the offense of a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another . . . or in reckless disregard of the risk of causing such terror. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated.

Drew argues that the statute's requirement of corroboration was not satisfied because the victim did not corroborate the police officer's testimony that Drew made a threat. But corroboration may be provided by circumstantial as well as direct evidence, and it may be slight evidence. "Slight corroboration of the circumstances during which a terroristic threat is uttered is all that is necessary to satisfy

OCGA § 16-11-37 (a)'s requirement." (Citation omitted.) *In the Interest of C. S. G.*, 241 Ga. App. 37, 38 (1) (525 SE2d 106) (1999). And even when the threat is not directly heard by the victim, the statute applies. *Shepherd v. State*, 230 Ga. App. 426, 427 (496 SE2d 530) (1998). In this case, the victim's testimony established the circumstances under which the threat was uttered: Drew's violent behavior toward her that evening. This was sufficient corroboration for the officer's testimony regarding the threat.

> As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value.

(Citations and punctuation omitted.) *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993). Here, as in *Stone*, the corroborating evidence was sufficient even though the threat was not overheard and the denial of the motion for a directed verdict of acquittal was proper. Id.

2. Drew contends the trial court erred in denying his motion for new trial made on the ground that his trial counsel was ineffective. We find no merit in this contention.

Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), a defendant claiming ineffective assistance of counsel must establish both that counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's deficiency, the result of the trial would have been different. *Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). The defendant's burden under the first prong of this test is heavy, because the defendant must overcome the strong presumption that trial counsel's conduct fell within the broad parameters of reasonable professional conduct. *Turner v. State*, 273 Ga. 340, 342 (2) (541 SE2d 641) (2001). Drew has not carried his burden.

(a) He argues that counsel's preparation was inadequate because he spent only ten minutes with him immediately before trial. But trial counsel testified at the hearing on the motion for new trial, and his testimony contradicted this assertion by Drew. Trial counsel testified that his first interview with Drew at the jail the day after he was appointed lasted at least thirty minutes, perhaps as long as one

hour. Trial counsel also testified that he later met with Drew several other times. Trial counsel also filed various motions, obtained discovery, and investigated the facts. He interviewed the victim prior to trial and knew that her testimony would be helpful to the defense. He conducted effective cross-examination of the victim. The trial court properly found that Drew had not carried his burden on this allegation.

(b) Drew further alleges that he wanted to testify, but his trial counsel refused to allow him to do so. This was also contradicted by trial counsel's testimony. Trial counsel testified that he discussed the matter with Drew during the trial. He admitted that he advised Drew that "he would be taking a substantial risk to take the stand in that case" and "suggested that he not testify." But he also testified that was all he could do, that he could only "give my best recommendation." The record does not establish that counsel prevented him from testifying, and it is well established that "the defendant, and not his attorney, makes the ultimate decision about whether or not to testify in his own behalf." (Citations and punctuation omitted.) *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999). The trial court correctly ruled that the decision not to testify was Drew's, not that of his trial counsel.

Because Drew has not satisfied the first prong of the *Strickland* test, we need not address the second prong. Failure to establish either prong is fatal to Drew's claim of ineffective assistance. *Ward v. State*, 242 Ga. App. 246, 248 (529 SE2d 378) (2000).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JUNE 12, 2002 —
RECONSIDERATION DENIED JULY 8, 2002.

*Daniel L. Henderson*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Andrew J. Saliba, Amelia G. Pray, Assistant District Attorneys*, for appellee.