A04A0884. COBBLE v. THE STATE.
(603 SE2d 86)

RUFFIN, Presiding Judge.

A jury found Daniel Cobble guilty of three counts of obstruction of an officer, interference with government property, terroristic threats, and aggravated stalking. Cobble appeals, arguing that the trial court erred in denying a directed verdict on the terroristic threats count. Cobble also maintains that the trial court erred in failing to charge the jury on illegal arrest. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty

beyond a reasonable doubt."[1] We neither resolve conflicts in evidence nor determine witness credibility, but merely ascertain the sufficiency of the evidence.[2]

Viewed in this manner, the evidence shows that Stephanie Biggers obtained a protective order against Cobble, which prohibited him from coming within 500 yards of Biggers, her home, or her place of employment. Nevertheless, on July 15, 2001, Cobble appeared across the street from Biggers' home where she was living with Paul Lockhart. Cobble began yelling obscenities at Biggers, who called the police.

Officer David Mulkey arrived at the scene and arrested Cobble for violating the protective order. Cobble, who was put in the back of Mulkey's patrol car, kicked out the glass window of the patrol car and cut Mulkey with the spraying glass. After Cobble was subdued with pepper spray, he was taken to a hospital. Daniel Rennicks, a sheriff who worked security at the hospital, was present in Cobble's hospital room. Rennicks testified that "two or three times" Cobble said that "as soon as he gets released he's going to kill [Biggers]." Based upon this and other evidence, Cobble was convicted of making a terroristic threat.

"A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated."[3]

On appeal, Cobble argues that he was entitled to a directed verdict on the terroristic threats count because the threat was not relayed to Biggers. "The crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize."[4] However, the threat does not have to be communicated directly to the victim in order to sustain a conviction for terroristic threats.[5] The inquiry, rather, is whether "the threat is submitted in such a way as to support the inference that the speaker intended or expected it to be conveyed to the victim."[6]

Here, the record demonstrates that Biggers had taken out a protective order against Cobble and that law enforcement officers knew of the order. Given Cobble's subsequent violation of this order,

---

[1] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

[2] See *Bales v. State*, 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

[3] OCGA § 16-11-37 (a).

[4] *Armour v. State*, 265 Ga. App. 569, 571 (1) (594 SE2d 765) (2004).

[5] See *Drew v. State*, 256 Ga. App. 391, 393 (1) (568 SE2d 506) (2002).

[6] (Emphasis omitted.) *Armour*, supra.

it is reasonable to conclude that Cobble intended or expected the threat, which he made in the presence of a law enforcement officer, to be communicated to Biggers.[7]

Cobble also argues that the only evidence of the threat is Deputy Rennicks' uncorroborated testimony. We disagree. "Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury."[8] Furthermore, "[i]f there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value."[9] And Cobble's conduct leading up to the terroristic threat may constitute such evidence.[10] Here, there was testimony that Cobble was angry with Biggers, violated a protective order, and was verbally abusive toward her. Though slight, this constitutes some evidence corroborating Rennicks' testimony about the threat.[11]

2. Cobble also argues that the trial court's failure to charge the jury on illegal arrest constitutes reversible error. However, Cobble has not included this issue in his enumerated errors. "Both this Court and the Supreme Court of Georgia have made it clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error."[12] Given Cobble's failure to enumerate this issue as error, we are precluded from addressing this argument on appeal.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 29, 2004.

*Mary Erickson*, for appellant.
Daniel E. Cobble, *pro se*.
*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.

---

[7] See *Drew*, supra.
[8] (Punctuation omitted.) *Ellis v. State*, 176 Ga. App. 384, 386 (3) (336 SE2d 281) (1985).
[9] (Punctuation omitted.) Id.
[10] See *Drew*, supra.
[11] See id.
[12] *Slaton v. Village Oaks Condos.*, 259 Ga. App. 186, 187 (576 SE2d 587) (2003).