A07A1312. DAVIS v. THE STATE.
(653 SE2d 104)

MIKELL, Judge.

In the first phase of a bifurcated jury trial held January 9-10, 2006, Quinton Darone Davis was found guilty of hijacking a motor vehicle, armed robbery, and possession of a firearm during the commission of a felony; in the second phase, he was found guilty of possession of a firearm by a convicted felon. Davis appeals the denial of his motion for a new trial, asserting as error that the indictment charging him with possession of a firearm during the commission of a felony was at fatal variance with the proof presented at trial, and that he received ineffective assistance of counsel at trial. We find these allegations of error to be without merit, and we affirm the convictions.

---

[15] *Gates*, supra at 23 (3).

Viewed in the light most favorable to support the verdict, the evidence adduced at trial shows that Christopher Chalmus, while out Christmas shopping on December 24, 2004, was approached at a QuikTrip by two men who seemed to know each other, although both were strangers to Chalmus. Chalmus testified at trial that one of the men, later identified as Davis, asked for a ride to Sugarloaf Parkway because his car was not working. When Chalmus agreed to give the two a ride, Davis climbed into the passenger seat and the other man got in the back seat of Chalmus's car, directly behind Chalmus. At Davis's direction, Chalmus drove into a neighborhood off Sugarloaf Parkway. There, Davis told him, "We got one more surprise for you" and motioned for Chalmus to look into the back seat. Chalmus looked over his right shoulder to see the other passenger holding a handgun to the back of Chalmus's head. When Chalmus saw the gun, Davis told him, "Yeah, go ahead and put the car in park. You know what it is." At this point, Chalmus slowed the car, jumped out, and started running away. Chalmus testified that he saw Davis hop into the driver's seat of the car and take control of the car. Chalmus ran away and was later able to summon police. On December 30, 2004, Davis was stopped for a traffic violation while driving Chalmus's car and was subsequently arrested.

1. Davis contends that, because the indictment charged him with possession of a firearm "on his person," it varied fatally from the evidence presented at trial that the other perpetrator actually possessed the handgun. We disagree.

[A]lthough there may not have been evidence that [Davis] was in physical possession of a firearm during the [hijacking], the evidence authorized a finding that he was a party to the crime and that he and his co-defendants were joint conspirators. The act of either was the act of the other and each is as fully responsible for the act of the other as if he had committed that act.[1]

Moreover, it was not necessary for the indictment to charge Davis with being a party to a crime in order for the state to prove his culpability in that manner.[2] This enumeration of error fails.

---

[1] (Citations and punctuation omitted.) *Hindman v. State*, 234 Ga. App. 758, 763 (2) (507 SE2d 862) (1998); accord *Perkins v. State*, 194 Ga. App. 189, 190 (1) (390 SE2d 273) (1990).

[2] See *Wakily v. State*, 225 Ga. App. 56, 60 (7) (483 SE2d 313) (1997); *Perkins*, supra (no fatal variance where indictment charged defendant with possession of a handgun "on his person" but evidence showed that another perpetrator had the gun during the robbery).

2. Davis further contends that his trial counsel was ineffective for failing to request jury instructions as to lesser included offenses. We do not agree.

In order for Davis to succeed on his claim of ineffective assistance of counsel, he must establish both that his trial counsel's performance was deficient and that the deficiency so prejudiced his defense that "there was a reasonable probability [that] the result of the trial would have been different but for defense counsel's unprofessional deficiencies."[3] The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order."[4] Further, Davis "must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct."[5] Because the issue of ineffective assistance presents a mixed question of law and fact, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[6]

Trial counsel's decision not to request a jury charge on a lesser included offense in order to pursue an "all-or-nothing" defense is a matter of trial strategy.[7] "Decisions regarding matters of trial tactics and strategy, wise or unwise, generally do not amount to ineffective assistance."[8] In *Van Alstine v. State*,[9] the Supreme Court ruled that, although defense counsel should consult fully with the defendant, especially in decisions such as whether to pursue an "all-or-nothing" defense and whether to request instructions as to lesser included offenses, counsel's failure so to consult does not in every case constitute ineffective assistance of counsel as a matter of law.[10] In that case, counsel's failure to consult the defendant on the decision not to seek a jury charge on voluntary manslaughter did not amount to ineffective assistance, where the defendant insisted that he had acted in self-defense.[11]

---

[3] (Punctuation and footnote omitted.) *Ojemuyiwa v. State*, 285 Ga. App. 617, 622 (5) (647 SE2d 598) (2007).

[4] (Citation and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322 (10) (565 SE2d 551) (2002).

[5] (Citation and punctuation omitted.) *Mendoza v. State*, 274 Ga. App. 662, 664 (3) (618 SE2d 712) (2005).

[6] (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

[7] See *Benefield v. State*, 253 Ga. App. 14, 15-16 (3) (a) (557 SE2d 476) (2001); *Bogan v. State*, 249 Ga. App. 242, 245 (2) (c) (547 SE2d 326) (2001).

[8] (Footnote omitted.) *Benefield*, supra at 15 (3).

[9] 263 Ga. 1 (426 SE2d 360) (1993).

[10] Id. at 4.

[11] Id.

The case now before us is on all fours with the Supreme Court's decision in *Van Alstine*. Here, trial counsel testified at the new trial hearing that he made the decision to seek an acquittal on the hijacking and armed robbery charges, rather than request charges on lesser included offenses, but that he did not discuss this with Davis. Davis testified at the new trial hearing that he had refused a plea offer from the state because he was innocent of the charges against him, and he continued to maintain his innocence at the new trial hearing. This testimony authorized the conclusion that trial counsel's decision not to request jury charges on lesser included offenses was "an informed strategic choice . . . consistent with [Davis's] assertion of his innocence."[12] The evidence gives no indication that Davis would have agreed to charges on lesser included offenses.[13] "The burden was on [Davis] to establish he received ineffective assistance of trial counsel,"[14] and he has failed to meet this burden. Accordingly, his claim of ineffective assistance of counsel is without merit.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2007.

*Clark & Towne, David E. Clark, Jessica R. Towne,* for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney,* for appellee.

---

[12] (Citation omitted.) *Sparks v. State,* 277 Ga. 72, 75 (3) (586 SE2d 645) (2003).
[13] See *Van Alstine,* supra.
[14] (Citation omitted.) Id.