## A08A1330. ELAMIN v. THE STATE.
### (667 SE2d 439)

ELLINGTON, Judge.

A Cobb County jury found Rashun Elamin guilty beyond a reasonable doubt of robbery by intimidation, OCGA § 16-8-41 (a); aggravated assault, OCGA § 16-5-21 (a) (1); false imprisonment, OCGA § 16-5-41 (a); and theft by receiving stolen property, OCGA § 16-8-7 (a). He appeals from the denial of his motion for new trial, contending that the trial court erred in denying his motion because the jury's verdict was mutually exclusive and illegal, the court's sentence was illegal, and the indictment was void. Elamin also argues that his conviction for aggravated assault should have merged as a matter of fact with his conviction for robbery by intimidation. For the following reasons, we affirm.

1. As an initial matter, we address Elamin's merger argument, even though Elamin did not raise this issue in the court below or enumerate it as error on appeal.[1]

> Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy. OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted.

(Citations omitted; emphasis in original.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). In determining whether there

---

[1] The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law . . . are vacated by operation of law. Since one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted, the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error.

(Citations omitted.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002).

are two separate offenses or one crime is included in the other, Georgia's courts apply the "required evidence" test. *Williams v. State*, 293 Ga. App. 193, 194 (1) (666 SE2d 703) (2008).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the [required evidence test] is whether each provision requires proof of a fact which the other does not. As [the Supreme Court of Georgia] stated previously, a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

(Citation and punctuation omitted.) Id. See also *Drinkard v. Walker*, 281 Ga. 211, 214-217 (636 SE2d 530) (2006) (adopting the "required evidence" test for determining when one crime is included in another under OCGA § 16-1-6 (1), and overruling cases which are inconsistent with that test).

In this case, the evidence showed that, while walking through an apartment complex at night, Elamin and at least three of his friends approached a stranger who was talking on a cell phone. They grabbed the man's arms and pulled him to a darker area against a van. One of the assailants pointed a stolen handgun to the victim's neck, and two other assailants held onto the victim and searched his pockets. The assailants took the victim's cell phone and some cash. Following the robbery, the men attempted to flee from the scene in a Jeep Cherokee, but police officers stopped the car and arrested four men, including Elamin. Elamin gave a custodial statement in which he admitted that he was present during the armed robbery but that he did not participate in it.

The State charged the men with armed robbery, two counts of aggravated assault (with intent to rob and with a deadly weapon), false imprisonment, theft by receiving stolen property (the handgun), and possession of a firearm during the commission of a crime. The armed robbery charge and both aggravated assault charges were based, in part, upon the act of pointing the handgun at the victim's neck. Two of the men pleaded guilty prior to trial, and they testified at the trial of Elamin and a co-defendant, Michael Simpson. The State argued that Elamin was guilty of the charged offenses as a party to the crimes.[2] The jury convicted Elamin of robbery by intimidation as a lesser included offense of armed robbery. The jury

---

[2] Under OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Under

also convicted Elamin of aggravated assault with the intent to rob.

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." Robbery by intimidation is a lesser included offense of armed robbery. Id. In contrast, under OCGA § 16-5-21 (a) (1), "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent to murder, to rape, or to rob." And, under OCGA § 16-5-20 (a), a person commits an assault "when he or she either . . . [a]ttempts to commit a violent injury to the person of another [or] [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."

Thus, a plain reading of the statutes shows that the offense of aggravated assault requires proof of at least one additional fact which the offense of robbery by intimidation does not. Consequently, under the "required evidence" test, the aggravated assault conviction does not merge into the robbery by intimidation conviction. *Drinkard v. Walker*, 281 Ga. at 214-217; *Williams v. State*, 293 Ga. App. at 194 (1).

2. Elamin contends the jury's guilty verdict was illegal because it was "mutually exclusive." He does not identify, however, the offenses to which he refers or explain how the guilty verdicts on those offenses would be mutually exclusive. Even so, we have reviewed the verdict and conclude that none of the offenses of which the jury found Elamin guilty are mutually exclusive of the others. See *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003) (a mutually exclusive verdict exists where a guilty verdict on one count logically excludes a finding of guilt on the other). Therefore, this enumeration lacks merit.

3. Although Elamin argues that he was improperly convicted of both conspiracy to commit the crimes *and* the completed crimes, the record shows that Elamin was not convicted for the separate offense of conspiracy.[3]

---

OCGA § 16-2-20 (b) a person is "concerned in the commission of a crime" if he or she:
(1) Directly commits the crime; (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

[3] See OCGA § 16-4-8 ("A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy."); but see *Gunter v. State*, 243 Ga. 651, 660 (6) (256 SE2d 341) (1979) ("if the crime has in fact been committed,

4. Elamin contends that the State's arguments that he and his co-defendants acted in concert as parties to the crime, and the court's jury instructions on parties to a crime and conspiracy,[4] constituted a "constructive amendment" to the indictment which made the indictment, and the proceedings which followed, void ab initio. We disagree.

"Although the State was required to prove that [Elamin] was a party to the crimes under [OCGA § 16-2-20], it was not required to allege these provisions in the indictment." (Footnote omitted.) *Trumpler v. State*, 261 Ga. App. 499, 501 (3) (583 SE2d 184) (2003). See *Bruster v. State*, 228 Ga. 651, 652 (3) (187 SE2d 297) (1972) ("It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation.") (citations omitted); *Davis v. State*, 287 Ga. App. 786, 787 (1) (653 SE2d 104) (2007) ("it was not necessary for the indictment to charge Davis with being a party to a crime in order for the [S]tate to prove his culpability in that manner") (footnote omitted). Thus, the presentation to the jury of the theories of parties to the crime and conspiracy did not constitute a constructive amendment to the indictment in this case, and Elamin's claim must fail.

5. We deem any remaining claims of error in Elamin's brief abandoned because he either failed to raise the errors in the court below,[5] failed to enumerate the errors on appeal,[6] or improperly attempted to expand his enumerated errors through argument in his brief.[7]

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 18, 2008.

*Thomas E. Stewart*, for appellant.

---

the co-conspirators are guilty as parties to the commission of the crime," not the separate crime of conspiracy) (citation omitted); *Scott v. State*, 229 Ga. 541, 544 (1) (192 SE2d 367) (1972) ("While [OCGA § 16-2-20] does not use the word 'conspiracy[,]' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto.").

[4] Elamin did not object to the jury instructions.

[5] See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted).

[6] See *Cobble v. State*, 268 Ga. App. 792, 794 (2) (603 SE2d 86) (2004) ("Both this Court and the Supreme Court of Georgia have made it clear that . . . arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error.") (punctuation and footnote omitted).

[7] See *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007) ("a party cannot expand [his] enumerations of error through argument or citation in [his] brief") (punctuation and footnote omitted).

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.